Filed: 4/11/2007
U.S. District Court
East Dist. of Mi Detroit

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**

    **DOW CORNING CORPORATION,**

        **Reorganized Debtor.**

**Civil Action No. 06-CV-12555-DT**
**Honorable Denise Page Hood**

_____

    **Leola Brown,**

    **v.**

    **DCC Litigation Facility Incorporated.**
_____/

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

This matter is before the Court on Leola J. Brown's Letter/Appeal to Opt-Out from the Settlement Facility-Dow Corning Trust ("Settlement Facility"). Ms. Brown received a Participation Form in June of 2004. She submitted the Participation Form to the Settlement Facility on July 12, 2004, electing to settle by checking Box 2b of the Form. In a letter dated November 16, 2004, Ms. Brown sent a letter to the Court at the Settlement Facility address, received by the Settlement Facility on November 22, 2004. The letter was forwarded by the then-Claims Administrator, E. Wendy Trachte-Huber, to the Court. Ms. Trachte-Huber's note states that "CAP is taking care of this matter." (Letter/Motion Exhibit) In her letter, Ms. Brown indicates she was told she "must opt-out of the settlement option to attempt to resolve my claim against the litigation facility by pursuing a lawsuit." (Letter/Motion) She indicates that, "I am opting-out as requested but I am unable financially to secure a lawyer." (Letter/Motion)

In a June 27, 2006 letter from the current Claims Administrator, David Austern, indicates

that he believes that Ms. Brown did timely opt-out of the Settlement. (Settlement Facility Response) Mr. Austern states that Ms. Brown submitted a signed Participation Form on July 12, 2004, electing to settle but that on November 22, 2004, the Settlement Facility received a letter from Ms. Brown stating that she wished to opt-out of the Settlement because her product was not covered by the Settlement. Mr. Austern states that since Ms. Brown submitted her letter prior to the opt-out deadline, the Settlement Facility should have processed her letter as a timely opt-out. (Settlement Facility Response)

The Litigation Facility states in its response that it has not had the opportunity to review the November 22, 2004 letter referred to by Ms. Austern in his response to the Court. However, the Litigation Facility acknowledged in its response that the Court published Ms. Brown's November 16, 2004 letter, which, as previously stated, was received by the Settlement Facility on November 22, 2004. It is in this letter that Ms. Brown indicated she wished to opt-out of the Settlement Facility. The Litigation Facility has therefore had the opportunity to review the letter received by the Settlement Facility since the November 16, 2004 letter by Ms. Brown is the one and only letter at issue.

## II.     ANALYSIS

The Court retains jurisdiction under the Amended Joint Plan of Reorganization ("Plan") "to resolve controversies and disputes regarding interpretation and implementation of the Plan and the Plan Documents" and "to allow, disallow, estimate, liquidate or determine any Claim, including Claims of a Non-Settling Personal Injury Claimant, against the Debtor and to enter or enforce any order requiring the filing of any such Claim before a particular date." (Plan, Art. 8.7.3 and Art. 8.7.8)

The Plan provides that each Personal Injury Claimant shall be afforded the option, "during

the six-month period following the Effective Date, to elect to settle or to opt out of the settlement options under the Settlement Facility." (Plan, Art. 5.4) The Participation Form gives a Personal Injury Claimant the opportunity to elect to settle or litigate their Claims under the terms of the Settlement Facility Agreement or the Litigation Facility Agreement, as applicable. (Plan, Art. 1.123) The Settlement Fund and Distribution Agreement, Annex A, provides that Claimants have a right to elect to pursue litigation against the Litigation Facility instead of participating in the Settlement Program but "must affirmatively elect to litigate." (SFA, Annex A, Art. 3.02(a)) Personal Injury Claimants "must make their election by completing, signing and returning the Participation Form to the Claims Office on or before the six (6)-month anniversary of the Effective Date ("Election Deadline")." (SFA, Annex A, Art. 3.02(c)(i)) "Claimants who elect litigation must sign the Participation Form." (SFA, Annex A, Art. 3.02(c)(v)) "A Claimant whose Participation Form is rejected because it was not submitted by the Election Deadline may appeal to the Appeals Judge." (SFA, Annex A, Art. 3.02(c)) Because this matter has been brought to the Court's attention by the Claimant, the Court exercises its jurisdiction under the Plan to interpret and enforce the Plan terms. (Plan, Art. 8.7.3 and Art. 8.7.8)

"In interpreting a confirmed plan courts use contract principles, since the plan is effectively a new contract between the debtor and its creditors." *In re Dow Corning Corporation,* 456 F.3d 668, 676 (6th Cir. 2006); 11 U.S.C. § 1141(a) . "State law governs those interpretations, and under long-settled contract law principles, if a plan term is unambiguous, it is to be enforced as written, regardless of whether it is in line with parties' prior obligations." *Id.* "A term is deemed ambiguous when it is 'capable of more than one reasonable interpretation.'" *Id.* (citation omitted). The word "must" means that the requirement is mandatory and not discretionary. *Perotta v. Gregory,* 4

Misc.2d 769, 771, 158 N.Y.S.2d 221, 223 (N.Y. Sup. 1957); *Lazar v. Towne House Rest. Corp.,* 6 N.Y.S.2d 923, 924, 190 N.Y.S.D. 997 (N.Y. 1959).

The plain and ordinary meaning of the word "must" as set forth in Annex A of the Plan requiring Claimants to affirmatively elect to litigate and to sign the Participation Form is unambiguous.  As noted above, the word "must"means the requirement is mandatory and is not discretionary.  Under Annex A of the Plan, the Participation Form must be completed, signed and returned by the Election Deadline.  Ms. Brown, the Settlement Facility and the Litigation Facility all agree that Ms. Brown submitted a timely Participation Form, electing to settle her claim with the Settlement Facility.  The issue then is whether Ms. Brown's letter to the Court, dated November 16, 2004, received by the Settlement Facility on November 22, 2004, was sufficient to revoke her election to settle her claim and instead to elect to litigate her claim against the Litigation Facility.

The words in Ms. Brown's November 16, 2004 letter, "I am opting-out as requested" are sufficient to revoke her election to settle her claim and instead pursue to elect to litigate her claim against the Litigation Facility.  The then-Claims Administrator indicated to the Court that "CAP is taking care of this matter."  (Letter/Motion Exhibit) The current Claims Administrator believes that Ms. Brown timely opted-out of the Settlement based on the November 16, 2004 letter.  Other than the timeliness argument, the Litigation Facility has not presented any other reasons why the November 16, 2004 letter, received by the Settlement Facility on November 22, 2004, should not be viewed as a timely revocation of Ms. Brown's election to settle.  Ms. Brown submitted her letter to the Settlement Facility prior to the November 29, 2004 deadline.  Ms. Brown's claim should have been considered a timely election to opt-out of the Settlement.  The Settlement Facility should have processed Ms. Brown's claim as an opt-out claim and appropriately processed the claim as such.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Ms. Brown's Motion to File Notice of Intent **(Docket No. 1, filed June 9, 2006)** is GRANTED.

IT IS FURTHER ORDERED that in accordance to Case Management Order ("CMO") No. 2 filed in Case No. 00-00001, Ms. Brown be served with copies of the applicable CMOs, the Notice of Intent to Litigation/Questionnaire and any subsequent applicable Supplemental Questionnaires, **within thirty (30) days from the entry of this Order**.

IT IS FURTHER ORDERED that Ms. Brown shall have **ninety (90) days from the receipt of the Questionnaire(s) to return the Questionnaire(s) to the DCC Litigation Facility as required by CMO No. 2 and the Questionnaire(s)**.  Failure to timely and properly submit the Questionnaire(s) may result in the dismissal of Ms. Brown's claim against the Litigation Facility upon appropriate motion by the Litigation Facility.

IT IS FURTHER ORDERED that the Litigation Facility file a Proof of Service upon service of the above-noted documents to Ms. Brown.


　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Denise Page Hood*
　　　　　　　　　　　　　　　　　　　　　　　　DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

DATED: April 11, 2007